IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID ANTOINE STOKES          :

    v.                        :   CIVIL ACTION NO. L-00-3133

HAZEL LEE (LEASING AGENT)     :
LENA PENN                     :
NORTHWOOD ASSOC.              :

..oOo..

**MEMORANDUM**

    This *pro se* complaint alleging personal injury was filed on October 19, 2000, by the plaintiff, a resident of Baltimore, Maryland. In essence, Mr. Stokes claims that he moved into the Northwood Apartments on May 13, 2000 and approximately one week later noticed mildew growing on the walls, furniture and his clothing. (Compl. at 1.) Mr. Stokes claims that he has experienced nose bleeds, dizziness, headaches, shortness of breath and sore throats, requiring him to go to the hospital. (*Id.*) He alleges that although he wrote defendants Lee and Penn about the problem and asked to be moved to another apartment, they have not been responsive. He complains that apartment management has been negligent and seeks $18,000,000.00 in damages.

    Because he appears indigent, the plaintiff's motion for leave to proceed *in forma pauperis* shall be granted. However, the

complaint shall be dismissed for apparent lack of subject matter jurisdiction.

Mr. Stokes has filed this complaint under 28 U.S.C. § 1331, alleging a civil rights violation against the Northwood Apartments leasing agent, management and association. He invokes this Court's federal question jurisdiction. However, plaintiff's action does not arise under the Constitution, laws or treaties of the United States. At best, the complaint sets out a personal injury claim resting in tort. However, this Court would only have subject matter jurisdiction over such a matter under its 28 U.S.C. § 1332 diversity jurisdiction.

A party filing a § 1332 action bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 109 S.Ct. 2218, 2221 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v.*

*Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

Plainly, there is no diversity of citizenship among the Maryland parties named in this case. For this reason Mr. Stokes' complaint shall be dismissed for lack of subject matter jurisdiction. A separate Order follows.

10/23/00
Date

Benson Everett Legg
United States District Judge

3